R. Terry Parker (BBO No. 569008)
RATH, YOUNG and PIGNATELLI, P.C.
120 Water Street, Second Floor
Boston, MA 02109
Telephone: (603) 226-2600
Email: rtp@rathlaw.com

*Attorneys for Plaintiff*
*Shoichi Matsumoto*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SHOICHI MATSUMOTO,<br><br>           Plaintiff,<br><br>v.<br><br>THE ENDURANCE INTERNATIONAL GROUP, INC.,<br><br>           Defendant. | Case No.: |

## COMPLAINT AND JURY DEMAND

The plaintiff Shoichi Matsumoto ("Plaintiff"), by his undersigned attorneys, Rath, Young and Pignatelli, PC, for his complaint against the defendant The Endurance International Group, Inc. ("Defendant"), alleges as follows:

### SUBSTANCE OF THE ACTION

1.    This action is brought against Defendant for willful copyright infringement in violation of 17 U.S.C. §§ 106 and 501 and willful trademark infringement, false designation of origin and unfair competition in violation of the Lanham Act, and 15 U.S.C. 1141(1) and 1125(a)(1).

2. Plaintiff seeks compensatory and statutory damages in an amount to be established at trial.

**PARTIES**

3. Plaintiff is an individual doing business as a professional photographer with an address at 25 Lone Oak Court, Napa, California 94558.

4. Upon information and belief, the Defendant is a foreign business corporation with a business address at 10 Corporate Drive, Suite 300, Burlington, MA 01803.

**JURISDICTION AND VENUE**

5. This is a civil action seeking damages and injunctive relief for copyright infringement under the copyright laws of the United States and the trademark laws of the United States, and therefore this Court has jurisdiction under 17 U.S.C. § 101 *et seq.*; 28 U.S.C. § 1331 (federal question jurisdiction), and 28 U.S.C. § 1338 (jurisdiction over copyright actions). The amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

6. Personal jurisdiction over Defendant is proper. Defendant is conducting business in this judicial district and committing torts in the Commonwealth, including without limitation intellectual property infringement that causes harm in the Commonwealth and this judicial district.

7. Pursuant to 28 U.S.C. § 1391, venue properly lies in this Court because a substantial part of the events giving rise to the claims herein occurred in this judicial district.

**FACTS COMMON TO ALL CLAIMS FOR RELIEF**

**A.    Plaintiff's Business**

8. Plaintiff is a private chef, TV host, food consultant and food photographer who is the creative force behind the popular website known as www.norecipes.com. Since 2007,

Plaintiff has developed the goodwill behind his NO RECIPE® trademark which he has continuously used in connection with an online journal and blog featuring recipes, cooking and travel information. The online journal and blog marketed under the NO RECIPE® trademark has developed a steady base of consumers and is well known among members of the purchasing public.

9. Plaintiff is the exclusive owner of the federal registration for the NO RECIPE® trademark, U.S. Reg. No. 86,193,477.

10. Plaintiff is the creator of a number of photographic images concerning food and food preparation, including over three fifty hundred and five of which are at issue in this litigation (the "Copyrighted Works"). Copies of a limited selection of the three hundred photographs are attached hereto as Exhibit A.

11. The Copyrighted Works are original works of authorship, each painstakingly created.

12. Plaintiff owns the copyrights in and to the Copyrighted Works.

13. Plaintiff obtained, prior to the infringing acts alleged herein, certificates of registration for the Copyrighted Works from the United States Copyright Office, copies of which are attached hereto as Exhibit B.

**B.   Defendant's Unlawful Activities**

14. Upon information and belief, Defendant owns and operates a number of websites to promote Defendant's goods and services.

15. For example, upon information and belief, Defendant creates, owns and operates the website found at the URL http://www.norecipes.net, where it used high quality content belonging to Plaintiff to promote and offer sale and sell its goods and/or services, drawing Plaintiff customers away from Plaintiff's website www.norecipe.com.

16. In June of 2019, Plaintiff discovered that Defendant was copying Plaintiff's website www.norecipies.com by creating a counterfeit version of Plaintiff's goods and services.

17. Defendant was using a NO RECIPES trademark (the "Infringing Mark") that is identical with, or substantially indistinguishable from, Plaintiff's registered NO RECIPES® trademark in connection with the promotion and sale of goods and services that are identical to Plaintiff's goods and services.

18. In addition, in order to create the unlawfully competitive website norecipes.net, the Copyrighted Works were reproduced, distributed, and publicly displayed by Defendant at a hundreds of different URLs (the "Infringing Websites"). Screenshots of a small sampline fo the Infringing Websites are attached hereto as Exhibit C.

19. Upon information and belief, Defendant located the Copyrighted Works on the internet and, without authorization from Plaintiff, downloaded the Copyrighted Works and then uploaded the Copyrighted Works to the Infringing Websites, thus unlawfully reproducing and distributing the Copyrighted Works, where the Copyrighted Works were then publicly displayed without Plaintiff's permission at the Infringing Websites.

20. Upon information and belief, Defendant is responsible for the unlawful reproduction, distribution, and public display of the Copyrighted Works.

21. The reproduction, distribution, and public display by Defendant of Plaintiff's Copyrighted Works is without Plaintiff's authorization.

22. Defendant's unauthorized reproduction, distribution, and public display of Plaintiff's Copyrighted Works are knowing and willful and in reckless disregard of Plaintiff's rights.

## FIRST CLAIM FOR RELIEF
### (Direct Copyright Infringement)

23. Plaintiff realleges the above paragraphs and incorporates them by reference as if fully set forth herein.

24. The Copyrighted Works are original works of authorship, embodying copyrightable subject matter, subject to the full protection of the United States copyright laws.

25. As exclusive licensee, Plaintiff has all rights, title and interest in and to the copyrights in the Copyrighted Works.

26. Upon information and belief, as a result of Plaintiff's reproduction, distribution and public display of the Copyrighted Works, Defendant had access to the Copyrighted Works prior to Defendant's use of the Copyrighted Works at the Infringing Websites.

27. By its actions, as alleged above, Defendant infringed and violated Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. §501, by reproducing, distributing and publicly displaying the Copyrighted Works.

28. Upon information and belief, Defendant's infringement of Plaintiff's copyrights is willful and deliberate and Defendant profited at the expense of Plaintiff.

29. As a direct and proximate result of Defendant's infringement of Plaintiff's copyrights and exclusive rights in the Copyrighted Works, Plaintiff is entitled to recover its actual damages resulting from Defendant's uses of the Copyrighted Works without paying license fees, in an amount to be proven at trial.

30. In addition, at Plaintiff's election, pursuant to 17 U.S.C. § 504(b), Plaintiff shall be entitled to recover damages based on a disgorgement of Defendant's profits from the

infringement of the Copyrighted Works, which amounts will be proven at trial.

31. In the alternative, and at Plaintiff's election, Plaintiff is entitled to maximum statutory damages, pursuant to 17 U.S.C. § 504(c), in the amount of $150,000 per work with respect to the infringing reproduction, distribution, and public display of the Copyrighted Works, or such other amounts as may be proper under 17 U.S.C. § 504(c).

32. Plaintiff is entitled to its costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

33. Defendant's conduct has caused and any continued infringing conduct will continue to cause irreparable injury to Plaintiff unless enjoined by this Court. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

## SECOND CLAIM FOR RELIEF
### (Contributory Copyright Infringement)

34. Plaintiff realleges the above paragraphs and incorporates them by reference as if fully set forth herein.

35. As an alternative theory to its direct infringement claim, in the event Defendant contends the infringing conduct described above is done by another, Defendant had either actual or constructive knowledge of the above-described infringements and either induced, caused or materially contributed to the infringing conduct described above, specifically, materially assisting with designing and publishing the Infringing Websites.

36. Defendant is not a passive, internet service provider.

37. By its actions, as alleged above, Defendant's foregoing acts of contributory infringement violate Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C.

§501.

38. Upon information and belief, the foregoing acts of contributory infringement of Plaintiff's copyrights are willful and deliberate and Defendant profited at the expense of Plaintiff.

39. As a direct and proximate result of the contributory infringement of Plaintiff's exclusive copyrights in the Copyrighted Works, Plaintiff is entitled to recover his actual damages resulting from Defendant's uses of the Copyrighted Works without paying license fees, in an amount to be proven at trial.

40. In addition, at Plaintiff's election, pursuant to 17 U.S.C. § 504(b), Plaintiff shall be entitled to recover damages based on a disgorgement of Defendant's profits from infringement of the Copyrighted Works, which amounts will be proven at trial.

41. In the alternative, and at Plaintiff's election, Plaintiff is entitled to maximum statutory damages, pursuant to 17 U.S.C. § 504(c), in the amount of $150,000 per work with respect to the infringing reproduction, distribution, and public display of the Copyrighted Works, or such other amounts as may be proper under 17 U.S.C. § 504(c).

42. Plaintiff is entitled to his costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

43. Defendant's conduct has caused and any continued infringing conduct will continue to cause irreparable injury to Plaintiff unless enjoined by this Court. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

### THIRD CLAIM FOR RELIEF
### (Vicarious Copyright Infringement)

44. Plaintiff realleges the above paragraphs and incorporates them by reference as if fully set forth herein.

45. As an alternative theory to its infringement claims above, to the extent Defendant contends it did not directly infringe or contributorily infringe Plaintiff's copyrights, Defendant had the right or ability to control the direct infringement described above.

46. Defendant is not a passive, internet service provider.

47. As a result of Defendant's right or ability to supervise the direct infringement described above, Defendant could have prevented or stopped the direct infringement but did not take any action to do so.

48. Defendant had a direct financial interest in the reproduction, distribution and public display of the Copyrighted Works and benefitted from that direct infringement.

49. As a direct and proximate result of Defendant's vicarious infringement of Plaintiff's copyright and exclusive rights in the Copyrighted Works, Plaintiff is entitled to recover his actual damages resulting from the Defendant's uses of the Copyrighted Works without paying license fees, in an amount to be proven at trial.

50. In addition, at Plaintiff's election, pursuant to 17 U.S.C. § 504(b), Plaintiff shall be entitled to recover damages based on a disgorgement of Defendant's profits from infringement of the Copyrighted Works, which amounts will be proven at trial.

51. In the alternative, and at Plaintiff's election, Plaintiff is entitled to maximum statutory damages, pursuant to 17 U.S.C. § 504(c), in the amount of $150,000 per work with respect to the infringing reproduction, distribution, and public display of the Copyrighted Works, or such other amounts as may be proper under 17 U.S.C. § 504(c).

52. Plaintiff is entitled to his costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

53. Defendant's conduct has caused and any continued infringing conduct will

continue to cause irreparable injury to Plaintiff unless enjoined by this Court.  Plaintiff has no adequate remedy at law.  Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

### FOURTH CLAIM FOR RELIEF
### (Trademark Counterfeiting In Violation of 15 U.S.C. § 1114)

54. Plaintiff realleges the above paragraphs and incorporates them by reference as if fully set forth herein.

55. Upon information and belief, Defendant promoted, marketed and sold or offered for sale an on-line journal, featuring recipes, cooking and travel information and services under the NO RECIPES designation.

56. Upon information and belief, Defendant's NO RECIPES designation (the "Infringing Mark") is a copy, variation, simulation or colorable imitation of Plaintiff's registered NO RECIPES® trademark that is identical with, or substantially indistinguishable from, Plaintiff's registered trademark and is likely to cause confusion, mistake, or deception, and constitutes trademark infringement, in violation of Section 32 of the Lanham Act, 15 U.S.C. §1114(1).

57. Upon information and belief, Defendant was on both actual and constructive notice of Plaintiff's exclusive rights in Plaintiff's trademark, which is registered with the United States Patent and Trademark Office.

58. Defendant used the Infringing Mark in connection with the promotion and sale of goods and services that are identical to Plaintiff's goods.

59. Defendant's counterfeiting was knowing, deliberate and willful.

60. Plaintiff is entitled to statutory damages of $200,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, as the court considers just; or if the

use of the counterfeit mark was willful, up to $2,000,000 per counterfeit mark per type of goods or services sold, 15 U.S.C. § 1117.

61. Defendant's counterfeiting has caused and is causing immediate and irreparable injury to Defendant, and to his goodwill and reputation, and will further damage to Defendant unless enjoined by this Court.

62. Plaintiff has no adequate remedy at law.

### FIFTH CLAIM FOR RELIEF
### (Trademark Infringement In Violation of 15 U.S.C. § 1114)

63. Plaintiff repeats and realleges the above paragraphs as if fully set forth herein.

64. Upon information and belief, Defendant promoted, marketed and sold or offered for sale an on-line journal, featuring recipes, cooking and travel information in connection with the Infringing Mark.

65. Upon information and belief, the Infringing Mark is a copy, variation, simulation or colorable imitation of Plaintiff's registered NO RECIPES® trademark and is likely to cause confusion, or to cause mistake or to deceive customers or potential consumers and the public as to the source or sponsorship of Defendant's on-line journal and related products. Consumers are likely to be misled into believing that Defendant's infringing product is manufactured by, licensed from, Plaintiff.

66. Upon information and belief, Defendant was on both actual and constructive notice of Plaintiff's exclusive rights in Plaintiff's trademark, which is registered. Defendant's use of Plaintiff's trademark was willful, in bad faith, with full knowledge of Plaintiff's prior use of, exclusive rights in and ownership of Plaintiff's trademark, with full knowledge of the goodwill and reputation associated with Plaintiff's trademark, and with full knowledge that Defendant's have no right, license or authority to use Plaintiff's Marks or any other mark confusingly similar

to Plaintiff's Marks.

67. Defendant's acts are intended to reap the benefit of the goodwill that Plaintiff has created in its marks and constitute infringement of Plaintiff's federally registered trademark in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

68. Defendant's conduct has caused immediate and irreparable injury to Plaintiff and damaged Plaintiff and deceived the public. Plaintiff has no adequate remedy at law.

### SIXTH CLAIM FOR RELIEF
### (Unfair Competition In Violation of 15 U.S.C. § 1125(a))

69. Plaintiff hereby incorporates by reference and realleges each and every allegation set forth above.

70. Defendant's promotion, marketing and sale of an online journal, featuring recipes, cooking and travel information under the Infringing Mark constitutes unfair competition and false designation of origin in violation of section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

71. The NO RECIPE® trademark is entitled to protection under both federal and common law.

72. Defendant's unauthorized use of the Infringing Mark has caused and, unless enjoined, will continue to cause substantial and irreparable injury to Plaintiff for which Plaintiff has no adequate remedy at law, including substantial and irreparable injury to the goodwill and reputation associated with the NO RECIPE® trademark.

73. Upon information and belief, Defendant's unfair competition is willful and reflects Defendant's intent to trade on the goodwill of the NO RECIPE® trademark.

74. Plaintiff has no adequate remedy at law. If use of the Infringing Mark by Defendant is not enjoined, plaintiffs will suffer substantial and irreparable injury to its business

reputation and the goodwill associated with the NO RECIPE® trademark.

## SEVENTH CLAIM FOR RELIEF
### (Trademark Infringement in Violation of Massachusetts Common Law)

75. Plaintiff hereby incorporates by reference and realleges each and every allegation set forth above.

76. Defendant's unauthorized use of the Infringing Mark is likely to cause confusion and deceive consumers as to the origin, sponsorship, or approval of Defendant's products by creating the false and misleading impression that Defendant's goods are associated with Plaintiff.

77. Defendant's unauthorized use of the Infringing Mark has caused and, unless enjoined, will continue to cause substantial and irreparable injury to Plaintiff for which they have no adequate remedy at law, including substantial and irreparable injury to the goodwill and reputation associated with the NO RECIPE® trademark.

78. Upon information and belief, Defendant's infringement of the NO RECIPE® trademark was willful and reflects Defendant's intent to trade on the goodwill of the NO RECIPE® trademark.

79. Plaintiff is entitled to injunctive relief, and is also entitled to recover his damages, costs, and reasonable attorney's fees.

80. Defendant's act constitutes unfair competition in violation of the common law of the Commonwealth of Massachusetts.

81. Defendant's unauthorized use of the Infringing Mark, unless enjoined, will cause substantial and irreparable injury to Plaintiff for which Plaintiff has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation associated with the NO RECIPE® trademark.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment as follows:

1. A declaration that Defendant infringed, either directly or indirectly, Plaintiff's copyrights in the Copyrighted Works under the Copyright Act;

2. A declaration that such infringement is willful;

3. An award of such actual damages and profits under 17 U.S.C. § 504(b) as the Court shall deem proper or, at Plaintiff's election, an award of statutory damages as the Court shall deem proper, as provided in 17 U.S.C. §§ 504(c), including damages for willful infringement of up to $150,000 for each copyright infringement of each of the Copyrighted Works;

4. Awarding Plaintiff such exemplary and punitive damages as the Court finds appropriate to deter any future willful copyright infringement;

5. Awarding Plaintiff his costs and disbursements incurred in this action, including his reasonable attorneys' fees, as provided in 17 U.S.C. §§ 505;

6. Defendant has engaged in counterfeiting in violation of the Section 32 of the Lanham Act, 15 U.S.C. 1114(a) and is liable for statutory damages of $200,000 per counterfeit mark where not willful and where use of the counterfeit mark was willful, up to $2,000,000 per counterfeit mark.

7. Defendant has engaged in unfair competition in violation of the section 43(a) of the Lanham Act, 15 U.S.C. 1125(a);

8. Defendant has engaged in trademark infringement in violation of the Massachusetts common law;

9.   Defendant has engaged in unfair competition in violation of the Massachusetts common law;

10.   Awarding Plaintiff such exemplary and punitive damages as the Court finds appropriate to deter any future willful trademark infringement;

11.   For a permanent injunction enjoining Defendant, and any successors or assigns, and its principals, officers, partners, agents, subcontractors, servants, employees, attorneys, affiliates, licensees, subsidiaries and related companies or entities, and all others acting in active concert or participation with it who receive actual notice of the Court's order by personal service or otherwise, from:

   a.   Using the NO RECIPE® trademark, or any simulation, reproduction, copy, colorable imitation or confusingly similar variation in or as part of a design, logo, domain name, or trademark; using any such mark in connection with the promotion, advertisement, sale, offering for sale, manufacture, production, or distribution of any business, product, or service; and from using any such mark on or as feature of any product;

   b.   Passing off, inducing, or enabling others to pass off, sell, offer, distribute, disseminate, or otherwise provide any product that bears the NO RECIPE® trademark in connection with online journals or blogs featuring recipes, cooking and travel information, or any mark that is a simulation, reproduction, copy, colorable imitation, or confusingly similar variation of the NO RECIPE® trademark; and

   c.   Otherwise competing unfairly with Plaintiff in any manner.

12.   For an order that: 1) Defendant account for and pay over to Plaintiff the amount of

any profits realized by Defendant by reason of Defendant's unlawful and willful acts of trademark infringement and unfair competition as alleged herein; 2) Plaintiff be awarded actual damages suffered by Plaintiff by reason of Defendant's unlawful and willful acts of trademark infringement and unfair competition as alleged herein, including profits realized by Defendant, to be increased by a sum equal to three times the amount thereof as provided by law; 3) Plaintiff be awarded interest, including prejudgment interest, on all damages sums; 4) Plaintiff be awarded his costs and reasonable attorney's fees and have such other and further relief as the Court may deem equitable, including, but not limited to, any relief set forth under 15 U.S.C. §§ 1116-1118; and 5) Plaintiff be awarded actual and punitive damages as provided for under applicable federal and state law.

13. For an order directing, the destruction of all packaging and any printed material, including advertising materials and point-of-sale displays, bearing the NO RECIPE® trademark in Defendant's possession or control, and all plates, molds, matrices and other means of making the aforesaid printed materials; and publicly acknowledging the wrongful activities alleged herein.

14. For an order directing Defendant to file with the Court and serve upon Plaintiff within thirty (30) days after service of the injunction upon Defendant, a report in writing and under oath setting forth in detail the manner and form in which Defendant has complied with the injunction.

15. For such other and further relief as the Court shall deem appropriate.

16. For such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Respectfully submitted,

Dated: August 15, 2019

/s/ R. Terry Parker
R. Terry Parker (BBO No. 569008)
RATH, YOUNG and PIGNATELLI, P.C.
120 Water Street, Second Floor
Boston, MA 02109
Telephone: (603) 226-2600
Email: rtp@rathlaw.com

*Attorneys for Plaintiff*
*Shoichi Matsumoto*